PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ZEHENTBAUER FAMILY LAND LP, *et al.*, | ) <br> ) CASE NO.  4:15CV2449 <br> ) |
| Plaintiffs, | ) <br> ) JUDGE BENITA Y. PEARSON |
| v. | ) <br> ) |
| CHESAPEAKE EXPLORATION, LLC, *et al.*, | ) <br> ) **MEMORANDUM OF OPINION** <br> ) **AND ORDER** |
| Defendants. | ) [Resolving ECF No. 24] |

Pending is Plaintiffs' Motion to Remand (ECF No. 24).  Pursuant to 28 U.S.C. § 1447, Plaintiffs move the Court to remand their claims to the Columbiana County, Ohio Court of Common Pleas.  ECF No. 24 at PageID #: 328.  The Court has been advised, having reviewed the record, the parties' briefs[1] and the applicable law.  For the reasons set forth below, the Court denies the motion to remand.

**I. Procedural Facts & Background**

Plaintiffs filed a putative class action in the Columbiana County, Ohio Court of Common Pleas, seeking compensation for damages they and class members sustained when Defendants allegedly underpaid royalties due under certain oil and gas leases.  ECF No. 1-1 at PageID #: 26, ¶ 41.  Defendants removed the case to this Court on November 30, 2015 pursuant to 28 U.S.C. §§ 1441 and 1446, and based upon diversity jurisdiction under 28 U.S.C. § 1332(d), invoking the

---

[1] Defendants Pelican Energy, L.L.C. and Jamestown Resources, L.L.C. did not file a response.

(4:15CV2449)

Class Action Fairness Act of 2005 ("CAFA"). ECF No. 1 at PageID #: 3, ¶¶ 9-10. In their Complaint, Plaintiffs allege that Defendants breached the terms of their oil and gas leases by deducting production and post-production costs from royalties due to Plaintiffs and by selling their oil products to affiliates at sub-market prices. ECF No. 1-1 at PageID #: 27, ¶¶ 41-49.

On December 28, 2015, Plaintiffs filed a remand requesting that the Court return the case to the Columbiana County, Ohio Court of Common Pleas. ECF No. 24. Plaintiffs argue that the parties agreed to a dispositive forum selection clause in their leases which requires resolution in their agreed-upon court. ECF No. 24 at PageID #: 328. In opposition, Defendant Total E&P USA, Inc. ("TEPUSA") argues that the forum selection clause contained in the agreements does not "clear[ly] and unequivocal[ly]" waive their right to removal and that the matter should remain before this Court because of CAFA's preference for federal jurisdiction. ECF No. 27 at PageID #: 356. Defendants Chesapeake Exploration, L.L.C., Chesapeake Operating, Inc., and CHK Utica, L.L.C. joined TEPUSA in opposing to the motion. ECF No. 28.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. Under 28 U.S.C. § 1441(a), a defendant may remove a state court action when a federal court would have original jurisdiction over the action. Defendants sought removal on the basis of diversity jurisdiction under CAFA which provides that "federal district courts [will have] 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.00,'" aggregating the claims of individual members of the proposed class. *Graiser v. Visionworks of America, Inc.*, 819 F.3d 277, 282 (6th

(4:15CV2449)

Cir. 2016) (citing *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013)) (quoting 28 U.S.C. 1332(d)(2), (d)(5)(B)).

"The right of removal of a suit from state court to federal court is a statutory right." *Regis Assocs. v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441)). "A defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute. If the requirements of the removal statute are met, the right to removal is absolute." *Id.*

The right to removal may be waived. The Sixth Circuit has established a higher threshold for finding waiver of the right of removal than have other circuits. *LaSalle Group, Inc. v. Tiger Masonry Inc.,* No. 10-11328, 2010 WL 4167257, at *3  (E.D. Mich. Oct. 15, 2010). Ohio case law makes it clear that "a contract provision does not waive the right to removal unless it is 'clear and unequivocal.'" *Id.* (citing *Cadle Co. v. Reiner, Reiner, & Bendett, P.C.*, 307 F. App'x. 884, 886 (6th Cir. 2009)) (holding that a forum selection clause stating that "[a]ll disputes . . . shall be resolved in the Newton Falls, Ohio Municipal Court or the Trumbull County, Ohio Common Pleas Court," did not waive the statutory right of removal because the clause neither mentioned removal nor set forth an explicit waiver of that right).

In interpreting disputed contract provisions and determining what constitutes a "clear and unequivocal" intent to waive a right to remove, the Sixth Circuit has held that "[a] clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal." *Cadle*, 307 F. App'x. at 888 (quoting *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x. 340, 347 (2008)).  *See also Titan Finishes Corp. v. Spectrum Sales Group*, 452 F.

3

(4:15CV2449)

Supp.2d 692, 694-95 (E.D. Mich. 2006) (applying the "clear and unequivocal" standard and holding that when a forum selection clause provided that the "State of Michigan has jurisdiction" and "venue shall be proper in the Wayne County [Michigan] Circuit Court," there was no waiver of removal because the clause "allows the parties to bring this action in the Wayne County Circuit Court" and "does not provide that venue would not also be proper in federal district court in Michigan.").

There is no presumption against removing cases invoking CAFA. "Because interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, [Congress] firmly believes that such cases properly belong in federal court." *Deutsche Bank Nat'l Trust Co. v. Taylor*, No. 5:11CV0521, 2011 WL 1374988, at *2 (N.D. Ohio Apr. 12, 2011) (Pearson, J.) (quoting S. Rep. No. 109-14, at 4 (2005)). Congress enacted CAFA to ensure and facilitate adjudication of certain class actions in federal court. *See Standard Fire Ins. Co.,* 133 S.Ct. at 1350; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550 (2014). *See also Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S.Ct. 736, 739–40 (2014) ("Congress enacted CAFA in order to 'amend the procedures that apply to consideration of interstate class actions.' 119 Stat. 4. In doing so, Congress recognized that '[c]lass action lawsuits are an important and valuable part of the legal system.' CAFA § 2. It was concerned, however, that certain requirements of federal diversity jurisdiction, 28 U.S.C. § 1332, had functioned to 'kee[p] cases of national importance' in state courts rather than federal courts. CAFA § 2. CAFA accordingly loosened the requirements for diversity jurisdiction for two types of cases—'class actions' and 'mass actions.'"). Furthermore,

4

(4:15CV2449)

"[b]ecause Congress clearly 'intended [CAFA] to expand substantially federal court jurisdiction over class actions' and directed that CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant,'" the preference for federal resolution attends actions removed from state courts, as well. *Graiser*, 819 F.3d at 287 (quoting S. Rep. 109-14, at 43 (2005) and reading § 1446(b) as permitting defendants to make this choice).

### III.  Analysis

Plaintiffs argue that Defendants waived their right to removal by signing leases that contained a forum selection clause.  Specifically, Plaintiffs argue that Defendants expressly agreed to be bound by the state court when they signed leases which provided that "[a]ny and all disputes must be resolved in a common pleas court located solely in the State of Ohio." ECF No. 24 at PageID #: 328.  Plaintiffs rely on a U.S. Supreme Court decision in arguing that a forum selection clause can only be overcome with proof of "extraordinary circumstances" for proceeding in any forum other than the one in the parties contracted for venue provision. ECF No. 25 at PageID #: 332-33 (citing *Atlantic Marine Constr. Co. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568 (2013)).  This reliance is misplaced.  *See Chrysler Group, LLC v. Eagle Auto-Mall Corp.*, No. 14-12964, 2014 WL 5092903, at *2 (E.D. Mich. Oct. 10, 2014). *Atlantic Marine* held that "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witness, or for the pursuit of the litigation." *Atlantic Marine* 134 S.Ct. at 582.  The instant case does not concern the right to transfer.  Nor do Defendants seek transfer of venue based on

5

(4:15CV2449)

inconvenience. Rather, Defendants sought removal because the parties are entirely diverse and there is a statutory preference for class actions to be presented in federal court. ECF No. 27 at PageID #: 356.

Plaintiffs proffer several out-of-circuit cases to support for their motion to remand. ECF No. 25 at PageID #: 333, 335, and 337; ECF No. 36 at PageID #: 414. These citations, like *Atlantic Marine*, discuss the validity of motions to dismiss based on inconvenience. See *Saye v. First Specialty Ins. Co.*, No. 14-cv-5946 (JG)(LB), 2015 WL 1737949 (E.D.N.Y. Apr. 16, 2015); *FDIC v. Nationwide Equities Corp.*, No. 1:15-cv-21872-KMM, 2015 WL 7720633 (S.D. Fla. Nov. 30, 2015); *Harper Cty. Com'n of Kansas v. Flat Ridge 2 Wind Energy LLC*, No. 14-1190-RDR, 2014 WL 4377750 (D. Kan. Sept. 4, 2014).

Plaintiffs' citations specifically conflict with binding case law from within the Sixth Circuit which rejects the application of *Atlantic Marine* and transfer of venue cases to a motion to remand. See *Chrysler Group*, 2014 WL 5092903, at *6 (upholding the "clear and unequivocal" rule and distinguishing *Atlantic Marine* in finding that "[w]aiver of the right to challenge convenience does not equate to waiver of the right of removal. The Supreme Court [in *Atlantic Marine*] did not consider a waiver of the right of removal.").

Plaintiffs cite to only one removal case—*Power Mktg. Direct, Inc. v. Moy*, No. 2:08-cv-826, 2008 WL 4849289 (S.D. Ohio Nov. 6, 2008). In *Power Mktg. Direct*, the Court held that when a forum selection clause specifically states only one court as the contracted for venue, then this should be construed as a waiver of the right to removal. Id. at *4-5. This decision, however, predates the mandatory, binding authority of *Cadle*. In 2009, the Sixth Circuit held that a forum

(4:15CV2449)

selection clause must explicitly mention removal or the party seeking removal in order to be a clear waiver of the right to remove. *Cadle*, 307 F. App'x. at 888. This is the standard currently applied throughout the Sixth Circuit. *See City of Cleveland v. Ameriquest Mort. Securities, Inc.*, 615 F.3d 496, 501 (2010); *Sestech Envtl. LP v. Westchester Surplus Lines Ins. Co.*, No. 1:08:CV2417, 2009 WL 233620, at *1 (N.D. Ohio Jan. 30, 2009) (O'Malley, J.); *Swartz v. DiCarlo*, No. 1:12-CV-3112, 2013 WL 942361, at *1 (N.D. Ohio Feb. 7, 2013) (McHargh, M.J.); *Gatherwright Freeman & Assocs. v. Singh*, No. 1:13CV597, 2014 WL 358426, at *3 (S.D. Ohio Jan. 31, 2014); *Ellora's Cave Publ'g, Inc., v. Dear Author Media Network, LLC*, No. 5:14CV2331, 2015 WL 106062, at *1 (N.D. Ohio Jan. 7, 2015) (Adams, J.); *GMS Mgmt. Co., Inc., v. Evanston Ins. Co.*, No. 1:14CV00424, 2015 WL 672256, at *1 (N.D. Ohio Feb. 17, 2015) (Wells, J.); *Corbitt v. Federal Nat'l Mortgage Ass'n*, No. 2:15-CV-1725, 2015 WL 4720555, at *2 (S.D. Ohio Aug. 7, 2015); and *Southern Ohio Sand, LLC v. Preferred Proppants, LLC*, No. 16-CV-833, 2016 WL 1457931, at *1 (N.D. Ohio Apr. 14, 2016) (Gwin, J.). Plaintiffs attempt to dispose of *Cadle* by stating that the *Cadle* forum selection clause only applied to specific types of disputes and presented a different procedural history than the instant case. ECF No. 32 at PageID #: 396. Both grounds for distinguishing *Cadle* are irrelevant to the interaction of a forum selection clause and the right to removal.

*Cadle*'s binding jurisprudence analyzes a forum selection clause nearly identical, at least linguistically, to that now before the Court. The Court of Appeals found that this language did not explicitly waive the right to removal. *Cadle*, 307 F. App'x. at 888. This Court now holds the

7

(4:15CV2449)

same.  The forum selection clause at issue does not "clearly and unequivocally" waive Defendants' right to removal.

### IV.  Conclusion

For the reasons discussed above, the Court denies Plaintiffs' Motion to Remand (ECF No. 24).

    IT IS SO ORDERED.

| | |
|---|---|
|  July 19, 2016 |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |