PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZEHENTBAUER FAMILY LAND LP, *et al.*, | ) ) ) | CASE NO.  4:15CV2449 |
| Plaintiffs, | ) ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| CHESAPEAKE EXPLORATION, LLC, *et al.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) | [Resolving ECF No. 16] |

Pending is Defendant Total E&P USA, Inc.'s ("TEPUSA") Rule 12(b)(6) Motion to

Dismiss Counts 2 and 4 of the Complaint (ECF No. 16).  TEPUSA moves the Court to dismiss

Plaintiffs' individual claims[1] in Counts Two and Four.  ECF No. 16 at PageID #: 259-60.  The

Court has been advised, having reviewed the record, the parties' briefs and the applicable law.

For the reasons set forth below, the Court grants the motion.

### I.  Procedural Facts & Background

Plaintiffs filed a putative class action in the Columbiana County, Ohio Court of Common

Pleas, seeking compensation for damages they and class members sustained when Defendants

allegedly underpaid royalties due under certain oil and gas leases.  ECF No. 1-1 at PageID #: 26,

¶ 41.  The four-count Class Action Complaint (ECF No. 1-1 at PageID #: 14-168) alleges claims

---

[1]  "The relief sought by this motion is limited to plaintiffs' individual claims
against TEPUSA, relating to plaintiffs' individual interests in their leases with TEPUSA,
and does not extend to the claims that plaintiffs purport to assert on behalf of the putative,
uncertified class of other oil and gas lessors."  ECF No. 16 at PageID #: 259 n.1.

(4:15CV2449)

for breach of contract (Count One), breach of contract – implied covenants (Count Two), breach of contract – breach of express covenants (Count Three), and accounting (Count Four). Defendants removed the case to this Court on November 30, 2015 pursuant to 28 U.S.C. §§ 1441 and 1446, and based upon diversity jurisdiction under 28 U.S.C. § 1332(d), invoking the Class Action Fairness Act of 2005 ("CAFA").  ECF No. 1 at PageID #: 3, ¶¶ 9-10.  In their Complaint, Plaintiffs allege that Defendants breached the terms of their oil and gas leases by deducting production and post-production costs from royalties due to Plaintiffs and by selling their oil products to affiliates at sub-market prices.  ECF No. 1-1 at PageID #: 27, ¶¶ 41-49.

Plaintiffs filed a memorandum in opposition and argue that their claims for breach of implied covenants (Count Two) are properly pled in the alternative and they are due an equitable remedy (Count Four) because Defendants did not properly issue itemized deductions on their royalty payments.  ECF No. 38.

## II.  Legal Standard

To survive a Fed. R. Civ. P.12(b)(6) motion to dismiss, the plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286

2

(4:15CV2449)

(1986)).  A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face."  Id. at 557, 570.  A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted.  Twombly, U.S. 550 at 564.

### III.  Analysis

**A.  Claim for Breach of Contract – Implied Covenants in Count Two**

In the Class Action Complaint (ECF No. 1-1 at PageID #: 14-168), Plaintiffs allege that Defendants breached the implied covenant to market the oil and gas, the implied covenant to conduct all operations that affect the lessor's royalty interest with reasonable care and due diligence, and the implied covenant of good faith and fair dealing.  ECF No. 1-1 at PageID #: 38, ¶ 95.  TEPUSA argues that Count Two fails to state a claim because Plaintiffs acknowledge, and affirmatively plead, that express covenants in their leases govern the parties' conduct at issue.  In addition, no separate claim for breach of an implied duty of good faith exists under Ohio law.  ECF No. 16 at PageID #: 259.  Defendant states that Plaintiffs' alleged breach of implied covenants is identical to and duplicitous of the alleged breach of express covenants.  ECF No. 16-1 at PageID #: 272.  Plaintiffs vigorously attempt to uphold each breach of implied covenant claim in their memorandum in opposition.  They succeed, however, in proving that breach of implied covenant claims are viable under Ohio law, but only under certain circumstances.  ECF No. 38.

3

(4:15CV2449)

Breach of implied covenant claims are only available if those same covenants are not expressly stated in the parties' contract.  Longstanding Ohio law holds that "[t]here can be no implied covenants in a contract in relation to any matter that is specifically covered by the written terms of the contract itself." *Kachelmacher v. Laird*, 2 Ohio St. 324 (1915), paragraph one of the syllabus.  In addition, "under Ohio law, a breach-of-contract claim subsumes any claim for breach of the duty of good faith and fair dealing." *Alshaibani v. Litton Loan Servicing, LP*, 528 Fed.Appx. 462, 465 (6th Cir. 2013) (affirming district court's order dismissing claim for breach of the implied covenant of good faith and fair dealing).

For these reasons, as well as those articulated in Section III.B. of the contemporaneously filed ruling on Defendants Chesapeake Exploration, L.L.C., Chesapeake Operating, L.L.C., and CHK Utica, L.L.C.'s ("Chesapeake Defendants") Motion for Partial Dismissal (ECF No. 14) and Defendants Pelican Energy, L.L.C. ("Pelican") and Jamestown Resources, L.L.C.'s ("Jamestown") Motion for Partial Dismissal (ECF No. 20), the Court grants the within motion to dismiss Count Two.

### B. Count Four

Plaintiffs also allege a claim for accounting in the Class Action Complaint.  ECF No. 1-1 at PageID #: 40, ¶¶ 109-11.  Plaintiffs allege that they are entitled to a full accounting from Defendants, at Defendants' sole cost, of (1) all deductions assessed against their and the class members' royalties, (2) the actual volumes of oil and gas produced under the Gross Royalty Leases, (3) the actual prices at which Defendants sold the oil and gas produced under the Leases, and (4) the actual market price when Defendants sold the oil and gas produced under the Leases.

4

(4:15CV2449)

ECF No. 1-1 at PageID #: 40, ¶ 111.  TEPUSA argues that Count Four fails because there is no equitable right of accounting where, as here, there are adequate remedies at law.  Plaintiffs have contractual audit rights, which they have not invoked or exercised, and have not pleaded that they cannot obtain the accounting information they seek through standard discovery methods.  ECF No. 16 at PageID #: 260.  In their memorandum in opposition, Plaintiffs argue they do not have an adequate remedy at law because they have no reasonable expectation that any of the defendants would disclose the necessary information needed to properly compute Plaintiffs' royalties.  ECF No. 38 at PageID #: 467.  Defendant, however, is correct in replying to this contention by citing to the same case from which Plaintiffs draw support.  "[I]n *Business Payment Systems*, the accounting claim was dismissed under Rule 12(b)(6) – before any discovery – because plaintiff had not pleaded that it had no adequate remedy at law, or that "the accounts between the parties are of such a 'complicated nature' that a court of equity is necessary to unravel them."  ECF No. 39 at PageID #: 476 (quoting *Business Payment Sys., LLC v. Nat'l Processing Co.*, No. 3:10-CV-00669, 2012 WL 6020400, at *18 (W.D. Ky. Dec. 3, 2012).

For these reasons, as well as those articulated in Section III.D. of the contemporaneously filed ruling on the Chesapeake Defendants' Motion for Partial Dismissal (ECF No. 14) and Pelican and Jamestown's Motion for Partial Dismissal (ECF No. 20), the Court grants the within motion to dismiss Count Four.

(4:15CV2449)

### IV.  Conclusion

For the foregoing reasons,

Defendant Total E&P USA, Inc.'s Rule 12(b)(6) Motion to Dismiss Counts 2 and 4 of the

Complaint (ECF No. 16) is granted.

Counts Two and Four of the Class Action Complaint (ECF No. 1-1 at PageID #: 14-168)

are dismissed as to Plaintiffs' individual claims against Defendant Total E&P USA, Inc., relating

to Plaintiffs' individual interests in their leases with TEPUSA.

Counts One and Three remain against TEPUSA.


IT IS SO ORDERED.


  July 19, 2016                                           /s/ Benita Y. Pearson
Date                                                   Benita Y. Pearson
                                                       United States District Judge

6